UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 2008
NANCY MAYER WHITTINGTON, CLERK
U S DISTRICT COURT

| | |
|---|---|
| SHARON BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 07-0207 (RJL) |
| | ) |
| MICHAEL J. ASTURE, Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(February 27, 2008) [#8, #11]

Plaintiff, Sharon W. Banks ("Banks" or "plaintiff") has sued Michael J. Asture, Commissioner (the "Commissioner" or "defendant") of the Social Security Administration ("SSA"), seeking review of the SSA's denial of Banks' application for supplemental security income. Currently pending before the Court are Plaintiff's Motion for Judgment of Reversal and Judgment on the Pleadings and Defendant's Motion for Judgment of Affirmance.[1] For the following reasons, the Court DENIES the plaintiff's motion and GRANTS the defendant's motion.

---

[1] Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment of Reversal and Judgment on the Pleadings (Dkt. #8-3) will be cited as "Pl.'s Mem." Defendant's Memorandum in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Judgment of Reversal (Dkt. #11) will be cited as "Def.'s Mem." Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance and Reply to Defendant's Opposition to Plaintiff's Motion for Judgment of Reversal (Dkt. #13) will be cited as "Pl.'s Rep."

## BACKGROUND

Banks, a forty-seven year old woman, suffers from disorders of the back, obesity and right knee pain syndrome.[2] (Administrative Record ("A.R.") 52.) On June 6, 2003, Banks filed an application for Supplemental Security Income ("SSI") disability benefits. (A.R. 113-15.) Her application was denied initially and upon reconsideration. (A.R. 62-64, 67-69.)

On July 5, 2005, Banks' claim was heard by an administrative law judge ("ALJ") (A.R. 267) who decided she was ineligible for benefits because she has not been under a disability (A.R. 50). Specifically, the ALJ determined that Banks has the residual functional capacity ("RFC") to perform "sedentary exertional level work with a sit/stand option" and that a significant number of jobs exist in the national economy that Banks can perform. (A.R. 54, 56.) In response, Banks appealed to the Social Security Appeals Council ("Appeals Council") for a review of the decision. It declined to do so on December 1, 2006, and as a result the ALJ decision became final. (A.R. 30-34.)

Banks filed this action in January 2007, requesting this Court to either reverse the Commissioner's decision and order the payment of SSI benefits, or remand the matter for a fair hearing because the ALJ's decision was not supported by substantial evidence and relies on erroneous standards of law. In particular, Banks alleges four grounds for reversal: (1) the ALJ and Appeals Council failed to consider plaintiff's hypertension impairment in determining that plaintiff retained the RFC for work activities; (2) the ALJ failed to comply with the requirements of Social Security Ruling ("SSR") 00-4p by not

---

[2] Banks also claims that she suffers from hypertension.

inquiring into the inconsistency between the vocational expert's answer about available jobs and the job descriptions in the *Dictionary of Occupational Titles* ("*DOT*"); (3) plaintiff did not have an opportunity to cross-examine the vocational expert; and (4) the ALJ did not comply with the requirements of SSR 96-8p in determining that the plaintiff can perform sedentary work. The Commissioner has moved to affirm the ALJ's decision.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), district courts are empowered to review decisions of the SSA, but not substitute their judgment for that of the SSA. *See Crosson v. Shalala*, 907 F. Supp. 1, 3 (D.D.C. 1995). Thus, the ALJ's decision must be upheld if it is "supported by substantial evidence." 42 U.S.C. § 405(g); *see Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987). Substantial evidence is "more than a mere scintilla, [it is] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). Moreover, this Court must also determine whether the ALJ correctly applied the relevant legal standards, *see Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004), and "'carefully scrutinize the entire record,'" *Jackson v. Barnhart*, 271 F. Supp. 2d 30, 34 (D.D.C. 2002) (quoting *Davis v. Heckler*, 566 F. Supp. 1193, 1195 (D.D.C. 1983)), to determine whether "the ALJ 'has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits . . . .,'" *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989) (quoting *Stewart v. Sec'y of HEW*, 714 F.2d 287, 290 (3d Cir. 1983)).

When evaluating a claim of disability, the SSA conducts a five step inquiry to determine if the claimant suffers from a "disability." 20 C.F.R. §§ 404.1520(a), 416.920(a). In step one, the claimant must show that she is not presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, the ALJ advances to step two and determines whether the claimant has a "severe impairment" which "specifically limits [her] . . . ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment assessment is "severe," step three requires the ALJ to determine whether the claimant's impairment "meets or equals" an impairment listed in the regulations, thereby permitting a conclusive finding of disability. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the impairment does not match one on the regulatory list, then under step four the claimant must demonstrate that she is incapable of performing her previous work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant makes the necessary showing, then the burden shifts to the Commissioner to show that the claimant can do "other work," *Jackson*, 271 F. Supp. 2d at 34, considering her age, education, past work experience, and residual functional capacity ("RFC"). *See* 20 C.F.R. §§ 404.1520(f)-(g), 416.920(f)-(g).

During this final step, the Commissioner may use the services of a vocational expert or other specialist to determine whether an applicant's work skills can be used in "other work" and the specific occupations in which they can be used. 20 C.F.R. §§ 404.1566(e), 416.966(e). If he chooses to use such an expert, "the [ALJ] must accurately describe the claimant's condition in any question the [ALJ] poses to the vocational expert." *Jackson*, 271 F. Supp. 2d at 34 (citing *Simms*, 877 F.2d at 1050). In addition,

the ALJ must include the plaintiff's subjective claims of pain in the hypothetical questions posed to the vocational expert. *See Wilks v. Apfel*, 113 F. Supp. 2d 30, 33 (D.D.C. 2000). If the ALJ determines that the applicant can engage in "other work," then the applicant is not disabled under the regulations. 20 C.F.R. §§ 404.1520(g), 416.920(g).

In determining whether a given claimant is disabled, the ALJ must evaluate all the relevant evidence, including examples of debilitating pain "and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Indeed, failing to consider subjective evidence of pain is grounds for remand. *Diabo v. Sec'y of Health, Educ., & Welfare*, 627 F.2d 278, 282 (D.C. Cir. 1980). Finally, the ALJ must also explain how he weighs the evidence in the record against the plaintiff's subjective complaints of pain and how he determines that the pain is not credibly disabling. *Wilks*, 113 F. Supp. 2d at 33 (citing *Taylor v. Heckler*, 595 F. Supp. 489, 492 (D.D.C. 1984)).

## DISCUSSION

**I.   The ALJ and Appeals Council Properly Considered Plaintiff's Impairments**

Plaintiff argues that the ALJ and Appeals Council failed to explicitly consider her hypertension and that, as a result, her case should be remanded to the ALJ for a new hearing to assess the impact of her hypertension on her RFC for work activities. With regard to the ALJ, Banks asserts the ALJ "seemingly disregarded" her hypertension by failing to list it as an impairment, even though her prescription information before the ALJ included her hypertension medication. (A.R. 152). With regard to the Appeals

5

Council, Banks argues that by failing to explicitly address her hypertension medication, which was listed in her newly-submitted evidence (A.R. 261-63), the Appeals Council failed to consider this new and material evidence, even if it is not independently a non-severe impairment, as required pursuant to 20 C.F.R. § 404.970. (Pl.'s Mem. 8-9.)[3]

For the ALJ to find that an applicant has a severe impairment, he must find that the claimant has "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Additionally, 20 C.F.R. § 416.923, provides, in relevant part:

> [i]n determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

Although the regulations require an ALJ to consider any impairment, individually or in combination, Banks has failed to demonstrate that the ALJ's failure to discuss her hypertension is reversible error.

Banks has pointed to no medical opinion or made any argument as to how her hypertension, alone or in combination with her other ailments, rises to the level of a "severe" impairment. *See Baldwin v. Barnhart*, 167 Fed. Appx. 49, 55-56 (10th Cir. 2006) (unpublished) (no error where ALJ did not consider hand impairments in combination with back impairment where ALJ noted there was no showing of any problems associated with her hand); *Cranfield v. Comm'r of Soc. Sec.*, 79 Fed. Appx.

---

[3] Curiously, the Commissioner's brief does not address whether the Appeals Council improperly failed to "consider" the evidence of hypertension.

6

852, 857-58 (6th Cir. 2003) (unpublished) (passing reference to obesity did not warrant reversal since no indication that claimant's obesity impaired her in any way); *Thomas v. Barnhart*, 54 Fed. Appx. 873, 878-89 (7th Cir. 2003) (unpublished) (declining to reverse ALJ decision where claimant failed to demonstrate that omitting consideration of certain alleged impairments prejudiced the record). *But see Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) ("[F]ailure to consider all of the impairments is reversible error."). Indeed, as the ALJ noted, there was no evidence that Banks has either heart or pulmonary problems (A.R. 54, 209-10), or any other ailments for that matter associated with uncontrolled hypertension. Although Dr. Steuart listed plaintiff's hypertension as an "other illness," neither Dr. Steuart, plaintiff, nor any other medical professional indicated that her hypertension was either not under control or impaired her in any way. Thus, because Banks' hypertension is sufficiently controlled through treatment and medication, it cannot be considered disabling. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."); *see also* Social Security Ruling 96-3p (July 2, 1996), *available at* 1996 WL 374181, at *1 ("[A]n impairment(s) is considered 'not severe' if it is a slight abnormality(ies) that causes no more than minimal limitation in the individual's ability to function independently, appropriately, and effectively in an age-appropriate manner."); *cf. Pagan v. Bowen*, 862 F.2d 340, 350-51 (D.C. Cir. 1989) (acknowledging that while successful treatment of physical symptoms, like stomach ulcers, negates a finding of disability, the same standard does not apply to mental illness) (citing *Gross*, 785 F.2d at 1165-66). Given that the ALJ's decision was supported by substantial evidence and any

failure to consider her hypertension as an impairment is not reversible error.[4] *See Sleigh v. Sullivan*, Civ. No. 89-0096, 1990 WL 179607, at *5 (D.D.C. Oct. 30, 1990) (substantial evidence to support finding of no disability where hypertension treated with medication and no evidence of further impairments).

Similarly, the Appeals Council's failure to explicitly address Banks' evidence of hypertension does not warrant a reversal and remand. The language of 20 C.F.R. § 404.970(b) provides:

> If new and *material* evidence is submitted, the Appeals Council shall *consider* the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

(emphasis added). While there is some disagreement between federal courts about whether the Appeals Council must *explicitly* articulate its assessment of the new evidence, *compare Freeman v. Halter*, 15 Fed. Appx. 87, 89 (4th Cir. 2001) (unpublished); *Bryant v. Barnhart*, No. 04-0017, 2005 WL 1804423, at *5 (W.D. Va. Jan. 21, 2005), *with Thomas v. Comm'r of Soc. Sec.*, 24 Fed. Appx. 158, 162 (4th Cir. 2001) (unpublished); *Scott v. Barnhart*, 332 F. Supp. 2d 869, 876-78 (D.Md. 2004), our Circuit has never addressed that issue.

---

[4] Banks' invocation of 20 C.F.R. § 416.923 does not warrant reversal or remand. The language of 20 C.F.R. § 416.923 provides, in part, that: "In determining whether your physical . . . impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether such impairment, if considered separately, would be of sufficient severity." As discussed above, Banks submitted nothing to the ALJ indicating that her hypertension, combined with other impairments, rises to the level of "severe."

8

Based on review of the competing approaches, this Court agrees with the *Bryant* court's interpretation of the Appeals Council requirements under 20 C.F.R. § 404.970(b). Although the Appeals Council leaves itself open to remand, failure to specifically address the new evidence does not automatically warrant remand. *See Bryant*, 2005 WL 1804423 at *5. In circumstances where additional evidence is "conflicting" or presents "material competing" evidence or "calls into doubt any decision," remand is necessary. *See id.* But where, as here, the new evidence is duplicative or has no reasonable possibility to change the outcome, remand is unnecessary. *Id.* Put simply, Banks' medication history demonstrates no basis for determining that plaintiff's hypertension contributes to her impairments or could possibly present a reason to change the ALJ's determination.[5] (*See* A.R. 30-31.) Therefore, the Appeal Council's failure to explicitly address the weight afforded to this new evidence does not warrant a remand.

## II.   The ALJ Fulfilled his Obligations Under SSR 00-4p

Banks next argues that the ALJ's decision does not comport with the requirements set forth in Social Security Regulation 00-4p, Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, (Dec. 4, 2000), *available at* 2000 WL 1898704 (hereinafter "SSR 00-4p"). Specifically, she claims that the ALJ did not identify and explain the conflicts between her limitations and the requirements for the three jobs identified by the vocational expert ("VE"). The Commissioner, on the other

---

[5] Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." *See Wilkins v. Dept. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

hand, argues that there was no direct conflict between plaintiff's limitations and the *DOT* job descriptions, so there can be no violation of SSR 00-4p. I agree.

The language of SSR 00-4p provides, in pertinent part:

> When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

2000 WL 1898704 at *2. Although Banks' argument that an ALJ's failure to inquire into a possible conflict between the VE's testimony and the *DOT* has some merit, in the absence of guidance from our Circuit, this Court finds there is substantial, and more persuasive, authority that the failure to ask a question regarding a possible conflict does not, by itself, warrant a remand. *See, e.g., Brown v. Barnhart*, 408 F. Supp. 2d 28, 34-35 (D.D.C. 2006) (collecting cases). As stated by Judge Roberts,

> Even if SSR 00-4p places an affirmative duty on the judge, such a procedural requirement would not necessarily bestow upon a plaintiff the right of automatic remand where that duty was unmet. Such an automatic right on a purely technical ground where there is otherwise substantial evidence to support the SSA's findings of fact would be contrary to the deference due the SSA.

*Id.* at 35. *But see Steward v. Barnhart*, 44 Fed. Appx. 151, 152-53 (9th Cir. 2002) (unpublished) (remanding case where *DOT* descriptions required qualifications ALJ had found plaintiff did not have and no attempt on the record to resolve that conflict); *Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 705-06 (E.D. Mich. 2003) (remanding case where ALJ failed to question VE regarding existence of conflict

between plaintiff's residual functional capacity and the *DOT* and VE failed to provide job codes which might have enabled plaintiff to determine if these were jobs she could perform within her residual functional capacity).[6]

Here, the ALJ posed a hypothetical, laying out Banks' limitations. The limitations included that she "should avoid *above-shoulder lifting*, you know, with the *right* shoulder. And also avoid frequent, repetitive *reaching* with the *right* upper extremity." (A.R. 285-86 (emphasis added).) In response to the ALJ's hypothetical, the VE identified jobs within Banks' RFC, including addresser, final assembler and call-out operator. (A.R. 287.)

Banks identifies two "apparent unresolved conflicts" between this testimony and the *DOT* descriptions. First, Banks argues that since one of the physical demands for "addresser," "final assembler" and "call-out operator" includes reaching, those jobs are in conflict with the limitations set forth by the ALJ.[7] (Pl.'s Mem. 11.) Second, Banks argues that since sedentary work requires "exerting up to ten pounds of force occasionally (up to 1/3 of the time) and/or a negligible amount of force frequently (from 1/3 to 2/3 of the time) to *lift* . . . or otherwise move objects, including the human body,"

---

[6] The cases plaintiff cites to support her position that failure of an ALJ to elicit an explanation for a conflict between the VE's testimony and the DOT do not establish a *per se* rule of reversal. *See Boone v. Barnhart*, 353 F.3d 203, 207-09 (3d Cir. 2003) (declining to adopt rule that any unexplained conflict requires reversal, as applied to an ALJ decision prior to the enactment of SSR 00-4p, but remanding on the ground that the VE's testimony not supported by substantial evidence in this case); *see also Jones v. Barnhart*, 364 F.3d 501, 506 n.6 (3d Cir. 2004) ("[T]his Court has 'not adopt[ed] a general rule that an unexplained conflict between a VE's testimony and the DOT necessarily requires reversal.") (alteration in original) (citations omitted); *cf. Burns v. Barnhart*, 312 F.3d 113 (3d Cir. 2002) (noting that SSR 00-4p requires an explanation on the record of how the conflict was resolved).

[7] Both "addresser" and "final assembler" require reaching up to two-thirds of the time and "call-out operator" requires reaching up to one-third of the time. DOT No. 209.587-010; R. 260; DOT No. 713-687-018; R. 257; DOT No. 237.376-014.

any sedentary jobs do not match the ALJ's limitation that she "avoid above-shoulder lifting." (*Id.*) Both of these objections are without merit.

With regard to the first, there is no apparent conflict between the limitations presented by the ALJ regarding reaching and the descriptions in the *DOT*. The ALJ did not prohibit all reaching, but merely "frequent, repetitive reaching with the *right upper extremity*." (A.R. 285-86 (emphasis added).) A job that requires reaching in general, however, does not conflict with this limitation. The same applies to Banks' second alleged conflict. The ALJ only limited her avoidance of "above-shoulder lifting" with the right shoulder. (A.R. 285-86.) That sedentary work requires some general lifting does not conflict with the limitation to avoid lifting with only one side of the body. Therefore, the ALJ fulfilled his obligations under SSR 00-4p because there were no "unresolved conflict[s]" about which to elicit an explanation from the VE.

### III. The ALJ Did Not Deny Banks her Right to Question Witnesses

Plaintiff's third ground for reversal or remand is that the ALJ failed to afford her the opportunity to question an adverse witness in violation of 20 C.F.R. § 416.1429.[8] The Commissioner, however, argues that since the ALJ adequately developed the factual record and Banks has not illustrated any questions she would have asked to change the outcome, she was afforded all the requisite rights under the law. I agree.

The language of 20 C.F.R. § 416.1429 provides, in part: "At the hearing, [a claimant] *may* . . . present and question witnesses . . . ." (emphasis added); *see also* A.R.

---

[8] Directly after asking the VE two hypothetical questions, the ALJ closed the hearing with the following: "Okay, thank you. I will evaluate the evidence in the record, and I will make a Decision. I will mail you a copy of that Decision once I have done so. Good luck to you. The hearing's now closed." (A.R. 288.)

100 (Notice of Hearing to Banks informing her that she may "present and question witnesses"). Independently, the ALJ has the duty to explore all the relevant facts to adequately develop the record, and this duty is particularly strict when the claimant proceeds *pro se*. *See Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989).

While the language of 20 C.F.R. § 416.1429 *permits* the questioning of witnesses, it does not *require* an ALJ to remind a claimant of her right to question witnesses or invite a claimant to ask questions of a witness. Plaintiff has not pointed to, and this Court has not found, any case law mandating that an ALJ inform a claimant of her right to question witnesses in all circumstances. Rather, the cases indicate that where a claimant proceeds *pro se* and the ALJ fails to adequately develop the record or accurately depict the claimant's limitations, failure to remind the claimant of her right to question witnesses may constitute reversible error. *See Alvarez v. Brown*, 704 F. Supp. 49, 53-54 (S.D.N.Y. 1989) (finding that ALJ should have informed claimant of right to cross-examine witnesses where hypothetical posed to VE did not accurately depict claimant's limitations); *see also Skinner v. Astrue*, 478 F.3d 836, 842-43 (7th Cir. 2007) (finding that since 20 C.F.R. § 416.1429 merely permits claimant to appear by video and no indication that claimant wanted to appear by video or video appearance would have change the outcome, ALJ did not need to inform claimant of right to appear by video); *Cullinane v. Sec'y of Health & Human Servs.*, 728 F.2d 137, 139 (2d Cir. 1984) (finding ALJ should have informed claimant of her right to cross-examine medical witness against whom claimant had filed a medical malpractice claim, and where claimant objected to letter submitted by this medical witness); *Rodriguez v. Apfel*, No. 96-1132, 1997 WL

691428, *6 (S.D.N.Y. Nov. 4, 1997) (finding when factual record not adequately developed, ALJ should inform *pro se* claimant of right to question witnesses).

Banks, however, does not challenge whether the ALJ developed an adequate factual record. (Pl.'s Rep. at 2.) Combining that with the fact that the hypotheticals posed to the VE accurately depicted Banks' limitations, the facts in this case simply did not give rise to a legal obligation for the ALJ to remind Banks of her rights under 20 C.F.R. § 416.1429. Furthermore, while an ALJ cannot impose undue limitations upon a claimant's cross-examination, *see McLaughlin v. Sec'y of Health, Educ. & Welfare*, 612 F.2d 701, 703 (2d Cir. 1980), there is no indication that this occurred here. Banks did not seek to question the VE or object to any statements by the VE.[9] (A.R. 284-88.)

Since the ALJ adequately developed the factual record and did not prohibit Banks from questioning the VE, he did not curtail her rights under 20 C.F.R. § 416.1429.

## IV. The ALJ Complied with SSR 96-8p in Determining that Plaintiff Can Perform Sedentary Work

Finally, Banks alleges that the ALJ's determination of her residual functioning capacity ("RFC")[10] did not comply with the requirements of Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims (July 2, 1996), *available at* 1996 WL 374184 (hereinafter "SSR 96-8p"), by not performing a "function-by-function" analysis and narrative

---

[9] The ALJ specifically asked Banks whether she had any questions for her witness, Mr. Boone. (A.R. 282.) That the ALJ did this does not create an obligation to do this for all witnesses. To err on the side of caution, it would behoove ALJ's to inquire into whether a *pro se* claimant wishes to ask additional questions to the VE.
[10] "RFC is what an individual can still do despite his or her limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2.

explanation with medical evidentiary support for the conclusion that she "retained the residual functional capacity, on a sustained basis, to be able to sit most of the day, walk and stand occasionally, and carry up to 10 pounds for 8 hours per day, five days per week." She further contends that the RFC assessment failed to consider "the effects of the combination of impairments." (Pl.'s Mem. 17.) I disagree.

The ALJ set forth a "detailed and precise" analysis of Banks' abilities and limitations, with specific reference to record evidence. This approach, of course, is appropriate since SSR 96-8p only requires *consideration* of all the factors, not *enumeration* of all the factors. (Def.'s Mem. 20.)[11] Indeed, as our Circuit has articulated, the RFC assessment required by SSR 96-8p is:

> a "function-by-function" inquiry based on all of the relevant evidence of a claimant's ability to do work and must contain a "narrative discussion" identifying the evidence that supports each conclusion. In performing the RFC assessment, the ALJ must explain how he considered and resolved any "material inconsistencies or ambiguities" evident in the record, as well as the reasons for rejecting medical opinions in conflict with the ultimate RFC determination.

*Butler v. Barnhart*, 353 F.3d 992, 1000 (D.C. Cir. 2004) (internal citations omitted). Stated another way, SSR 96-8p requires that the ALJ must build a "logical bridge" from the evidence to his conclusion. *Lane-Rauth v. Barnhart*, 437 F. Supp. 2d 63, 67 (D.D.C. 2006) (remanding case where ALJ simply listed all the evidence without explaining

---

[11] Although the Commissioner argues that Banks did not cite a single functional limitation omitted from the ALJ's decision, this Court notes that the ALJ makes no explicit reference to Banks' ability to "carry." The ALJ's decision did, however, explicitly consider that Banks could "stand for 30 minutes . . . [and] sit, at most about 15-30 minutes," "walks [her children] to the bus stop, walks two blocks to work" and has a normal gait, should "avoid above shoulder lifting or above shoulder repetitive frequent reaching with the right upper extremity," and that "Dr. Steuart opined that the claimant . . . [has the] limited ability to push/pull." (A.R. 54-55.) Although there is nothing specifically in the ALJ's decision about Banks' ability to carry anything, Banks did testify that she could lift a gallon of milk, which weighs about eight pounds. (A.R. 248.)

which evidence led him to his conclusion or why he discounted contrary pieces of evidence).

With regard to the "function-by-function" analysis, SSR 96-8p provides, in part:

> The RFC assessment must address . . . the remaining exertional . . . capacities of the individual. . . . Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. . . . It is especially important that adjudicators consider the capacities separately when deciding whether an individual can do past relevant work.

1996 WL 374184 at *5. While our Circuit Court has not specifically addressed whether the ALJ must undertake a *specific* discussion of each of the seven functions, some courts have found that an articulation of the function-by-function analysis is not required, particularly for capacities for which no limitation is alleged. *See, e.g., Delgado v. Comm'r of Soc. Sec'y*, 30 Fed. Appx. 542, 547 (6th Cir. 2002) (unpublished); *Johansen v. Apfel*, No. 98-35199, 1999 WL 170793, *1 (9th Cir. Mar. 5, 1999); *Lewis v. Astrue*, 518 F. Supp. 1031, 1043 (N.D. Ill. 2007); *Casino-Ortiz v. Astrue*, Civ. No. 06-0155, 2007 WL 2745704, *13-14 (S.D.N.Y. Sept. 21, 2007). Other courts, including one in this district, have determined that failure to consider the seven functional factors renders a decision not supported by substantial evidence. *See Lane-Rauth*, 437 F. Supp. 2d at 68 (finding ALJ decision not supported by substantial evidence where the ALJ did not explicitly consider the seven functional factors); *see, e.g., Buchholtz v. Barnhart*, 98 Fed. Appx. 540, 547 (7th Cir. 2004); *Alexander v. Barnhart*, 74 Fed. Appx. 23, 28 (10th Cir. 2003) (unpublished); *Myers v. Apfel*, 238 F.3d 617, 620-21 (5th Cir. 2001); *Pearson v.*

*Barnhart*, 380 F. Supp. 2d 496, 507-08 (D.N.J. 2005).[12]  For the following reasons, I concur that a written function-by-function analysis is not required.

Social Security Ruling 96-8p does not provide the specific mandate Banks would like.  Although the language of SSR 96-8p requires that the ALJ's RFC assessment *"must address . . . the remaining exertional . . . capacities of the individual,"* this does not require written articulation of all seven strength demands.  This is especially true where, as here, the ALJ provided a thorough narrative discussion of Banks' limitations.  The narrative discussion requirement simply requires the ALJ to explain an "individual's ability to perform sustained work activities in an ordinary work setting on a regular basis," and "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record."  The ALJ's decision here clearly meets these requirements.

First, he explained that although her physician indicated she can only work five hours per day, he gave this opinion little weight since the type of work the doctor contemplated when making this assessment was not explained.  Moreover, the doctor's other findings indicate that her physical capabilities, such as range of motion and manipulation, were such that she could perform sedentary work on a regular and sustained basis. (A.R. 54-55.)  Finally, the ALJ also considered how Banks' daily activities are inconsistent with her allegations of debilitating symptoms. (A.R. 54.)  Since the ALJ explained why he discounted certain opinions and provided a "logical

---

[12] At the end of her memorandum, plaintiff cites a variety of cases in an apparent argument that she is incapable of working full time.  Substantial evidence supports the ALJ's finding that Banks can sufficiently work, as evidenced, in part, by noting that claimant needed a sit/stand option.  *See Garnett v. Sullivan*, 905 F.2d 778, 780 (4th Cir. 1990) (declining to find that RFC requires ability to work full time).

bridge" between the evidence and his conclusion, he met the standards required under SSR 96-8p, and should not be reversed by this Court.

## CONCLUSION

For all of the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence and affirms his decision. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge